MEDARDO TORRES MARTÍNEZ, Petitioner and Appellant, *v.* GERARDO DELGADO, WARDEN, ETC., Respondent and Appellee.

No. AP-65-49.          Decided March 29, 1966.

*Elizabeth A. de Watlington* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Elpidio Arcaya, Assistant Solicitor General,* for appellee.

PER CURIAM: Petitioner-appellant was convicted of burglary in the first degree committed jointly with two other persons in a commercial establishment. He appeared at the trial represented by his attorney and pleaded guilty. The presiding judge was reluctant to accept his plea of guilty, but upon defendant's personal insistence the judge accepted and ordered him to serve 5 to 10 years in the penitentiary. As it is well known, the penalty provided by the Penal Code for that crime is one to fifteen years. 33 L.P.R.A. § 1593. Defendant did not appeal.

The judgment being final and unappealable petitioner-appellant filed a petition for habeas corpus in the Superior Court. In his petition he alleged that he did not have adequate legal aid at the trial and that the penalty imposed on him is excessive.

The hearing was held before another judge, not the one who presided the original trial. As a result of the evidence introduced the petition for habeas corpus was dismissed.

Petitioner appealed on his own right and we sent the case to the Legal Aid Society requesting it to provide appellant with the necessary legal aid to hear his appeal.

The errors assigned are those mentioned above. We have read the transcript of evidence of the hearing of the

habeas corpus in the Superior Court and we are satisfied that petitioner had adequate legal aid in the original trial.

■■ Counsel for the defense should see that their defendants are tried according to the sound principles of the due process of law, but they cannot alter the facts. Adequate legal aid guarantees defendant a fair and impartial trial, but it cannot guarantee that he will be found not guilty if he is guilty. As to the penalty imposed it is lawful since evidently it is comprised within the minimum and maximum limits provided by law. It being lawful, as it is, the habeas corpus cannot prosper.

As to the request for clemency which is implicit in the fifth paragraph of the petition, petitioner may request executive clemency, or else, as soon as he has served the minimum term, he may request that his case be considered by the Parole Board. Where a proceeding has been heard according to law in the Superior Court, we cannot sustain a petition which lacks merit.

The judgment appealed from will be affirmed.